IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| GLENN HIBBERTS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil No. 2022-58 |
| ) | |
| ) | |
| ROBERT SMITH, MD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Before the Court is the Renewed Motion to Stay Discovery by "Government Defendants," pending a ruling on a motion to dismiss [ECF 84] the Third Amended Complaint ("TAC"). [ECF 92]. Movants include defendants R. Smith, C. Bellot, G. Smith, R. Evans, and Government of the Virgin Islands ("GVI"). *Id*. n.1.[1] Plaintiffs oppose the motion. [ECF 95]. Movants did not file a reply and the time to do so has expired. LRCi 6.1(b)(5).

I.   BACKGROUND

This is an action alleging medical malpractice by persons working at the Schneider Regional Medical Center ("SRMC"), resulting in the death of Stephanie Hibberts on July 12, 2021. [ECF 69] ¶¶ 10, 13–15. Plaintiffs name the Virgin Islands Government Hospitals and Health Facilities Corporation ("VIGHHFC") as a defendant responsible for the actions of certain of the individual defendants. *Id*. ¶ 4. On June 27, 2023, VIGHHFC, along with several of the individual defendants, moved to dismiss the TAC for lack of subject matter jurisdiction. [ECF 84] at 2. There, VIGHHFC argues that the GVI is the "real party in interest" and is thus an indispensable party whose joinder would destroy diversity jurisdiction. *Id*. at 4. VIGHHFC also argues that it is the alter ego of the GVI. *Id*. at 4–7. In opposition to the motion to dismiss,

---

[1]   The Court notes that the "Government of the Virgin Islands" is not a named defendant in the TAC. [ECF 69].

plaintiffs argued that the GVI is not the real party in interest, and the VIGHHFC is not the GVI's alter ego. [ECF 91]. Plaintiffs point to the statutory framework enabling the VIGHHFC and contend that the pertinent factors support a conclusion that the VIGHHFC is an entity separate from the GVI. As a result, its presence as a defendant does not defeat diversity. *Id*. at 4–7. In their conclusion, plaintiffs argued that if any question remained, they should be entitled to do discovery on that issue. *Id*. at 7. The motion to dismiss remains pending.

Meanwhile, the Government Defendants, including the unnamed GVI, moved to stay discovery until the subject matter jurisdiction issue is resolved. [ECF 92]. They argue that the relevant factors favor granting a stay here, including that "there is no plausible argument that Plaintiff's [sic] complaint as pleaded can withstand the Motion to Dismiss." [ECF 92-1] at 5, 7. For their part, plaintiffs deny that a stay is appropriate and request the stay not be entered. [ECF 95] at 2. Alternatively, plaintiffs ask the Court to "allow jurisdictional discovery to confirm that the [VIGHHFC] is indeed a separate entity and not an alter ego of the [GVI]." *Id*.; *see also id.* at 4.

## II. LEGAL STANDARDS

The Court of Appeals for the Third Circuit has acknowledged that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). Federal Rule of Civil Procedure 26(c) gives a court the discretionary authority to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause." Fed. R. Civ. P. 26(c). Such authority includes the ability to order a stay of discovery. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental

*Hibberts, et al. v. Smith, MD, et al.*
Civil No. 2022-58
Page 3

to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

A stay, however, is an "extraordinary remedy." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013) (citing *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)). Therefore, the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255; *see also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

In deciding whether to stay discovery, a court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Actelion Pharm., Ltd. v. Apotex, Inc.*, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) (citation omitted). However, in *Mann v. Brenner*, the Third Circuit recognized that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." 375 F. App'x 232, 239 (3d Cir. 2010); *see also Actelion Pharm., Ltd.*, 2013 WL 5524078, at *5 (the filing of a dispositive motion may support a stay of discovery where the "resolution of the dispositive motion may narrow or outright eliminate the need for discovery" (internal quotation marks and citation omitted)).

*Hibberts, et al. v. Smith, MD, et al.*
Civil No. 2022-58
Page 4

> In considering a motion to stay, courts evaluate the following factors:
>
>> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Vitalis v. Crowley Caribbean Servs.*, 2021 WL 4494192, at *1 (D.V.I. Sept. 30, 2021); *Actelion Pharm., Ltd.*, 2013 WL 5524078, at *3. Thus, the Court will evaluate these factors in determining the propriety of issuing a stay of discovery.

### III.   DISCUSSION

Applying these concepts to the instant motion, the Court first observes that the issue of subject matter jurisdiction should be resolved at the earliest opportunity because if the Court has no jurisdiction its orders may later be seen to have been entered without authority. Even so, this notion does not, by itself, compel a stay.

With respect to the first factor, defendants claim no undue prejudice will accrue to plaintiffs, but defendants do not describe why that is so. [ECF 92-1] at 3–4.[2] Instead, they move right on to the second factor and focus on possible prejudice to them in the absence of a stay. *Id.* at 4–5. Once again, however, they do not articulate any specific prejudice they might suffer. Similarly, in arguing whether a stay would simplify issues, the Government Defendants merely reiterate that VIGHHFC "is the alter ego of the Virgin Islands government," so a dismissal is

---

[2] Here the Government Defendants refer to the "preliminary peek" approach that some courts take to the issue of whether a stay is appropriate. [ECF 92-1] at 4–5. This Court has not employed that approach, nor would it in the circumstances of this case, where the question of whether VIGHHFC is an arm of the GVI such that naming it as a defendant in litigation would destroy diversity seems to be a novel one. The unsettled nature of the question is evident from the parties' briefing on the motion to dismiss.

*Hibberts, et al. v. Smith, MD, et al.*
Civil No. 2022-58
Page 5

inevitable. *Id*. at 5–6. Finally, the Government Defendants point out that discovery has yet to take place in this matter. *Id*. at 6.

Here, because the issue of whether the corporation is the alter ego of the GVI is unsettled, the Court need go no further in balancing the factors. Instead, as plaintiffs request, it makes sense to allow jurisdictional discovery at the very least.[3] After such discovery, the parties will be in a better position to assist the Court in determining the motion to dismiss.

### IV. CONCLUSION

Accordingly, the premises considered, it is

ORDERED that the motion to stay [ECF 92] is DENIED; and it is further

ORDERED that Plaintiff shall be entitled to do jurisdictional discovery for a period of 60 days from the date of this Order.

**Dated:** August 28, 2023

S_____
**RUTH MILLER**
United States Magistrate Judge

---

[3] Even if the parties engaged in full blown discovery, such discovery would likely not go to waste as the case would likely still be pursued in the local courts.